MYERS (HILL v.). See Case No. 6,496.

## Case No. 9,993.

MYERS v. The LIZZIE HOPKINS.

[1 Woods, 170.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1871.

SEAMEN—INJURY IN DISCHARGE OF DUTY—WAGES —MEDICAL ATTENDANCE—SUBSISTENCE.

When a seaman, while in the discharge of his duty, is injured by reason of the neglect or carelessness of an officer of the boat, the boat is liable for his wages until restored, and for his subsistence and medical attendance in the meantime.

[Cited in The Guiding Star, 1 Fed. 349.]

[Appeal from the district court of the United States for the district of Louisiana.]

In admiralty.

R. H. Shannon, for libellant.

B. Egan, for claimant.

WOODS, Circuit Judge. The libellant claims of the libellee the sum of $350. He alleges that while employed upon the steamer Lizzie Hopkins, as a deck hand at the wages of $50 per month, and while engaged in the discharge of his duty under the orders of the officers of the boat, he was seriously injured by reason of the carelessness of said officers and other employees of the steamer. That by reason of his injuries he was disabled from labor and confined in the hospital for three months and fifteen days. He asks a decree for his wages for that time at $50 per month, amounting to $175, and for $175 for his subsistence, lodging and medical attendance for the same period, also amounting to $175.

The defense is, substantially, that the injury received by libellant was caused, not by the wrongful conduct, carelessness or negligence of the officers of the boat, but wholly through the neglect and carelessness of libellant, and that the libellant was shipped for the round trip from New Orleans to Natchez and return, and no longer, and that the defendant is not liable for his wages or the expenses of his cure after the expiration of the time for which he was engaged.

The record shows that, while the Lizzie Hopkins was lying at Natchez Island taking on board a lot of cotton, and while the libellant and a comrade were engaged in rolling a bale of cotton on board, having just reached the shore end of the staging, another bale of cotton was allowed to escape from the grasp of two other hands who were upon the bluff, and it came down and struck libellant, knocking him down and breaking his arm, and that at the time the mate of the steamer was on the bluff giving orders and hurrying up the lading of the cotton. The pretense that libellant was injured by reason of his own carelessness and negligence is utterly unsupported by any testimony in the case. No prudence or vigilance on his part could have averted the injury. He was in no way to blame. On the other hand, it appears that at the time of the occurrence it was raining, the bluff was muddy and slippery, and several bales of cotton had escaped from the grip of the hands and rolled down the bluff. Notwithstanding the lives and limbs of employees of the steamer were thus endangered, no additional care seems to have been taken by the mate to prevent a recurrence of this dangerous accident. The result was the serious injury of the libellant as above stated. I think it clear, from the record, that a decent regard for the lives and limbs of the hands in the employ of the boat, exercised by the officers of the boat, would have prevented the injury to the libellant.

The only question in the case then is, how far is the defendant liable for the wages and expenses of the libellant? Without passing upon the question whether the steamer would be liable for the wages and expenses of the injured party after the end of the trip or voyage for which he shipped, when there was no fault on the part of the officers of the boat, I think that, in a case where an injury is received by a seaman while in the discharge of his duty, through the fault or neglect of the officers of the boat, the boat is liable for wages until the seaman is restored, and for the expenses of his keeping and medical attendance until restored. Brown v. Overton [Case No. 2,024]; Croucher v. Oakman, 3 Allen, 185. I am satisfied that libellant has demanded no more than the defendant ought to pay. Let a decree be entered in his favor for $350 with interest from the date of the decree of the district court.

MYERS (LYMAN v.). See Case No. 8,629.

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]